Surrogate's Court, New York County, November, 1922.     [Vol. 119

In the Matter of the Judicial Settlement of the Accounts of the Executors, etc., of Charles Connor, Deceased.

Surrogate's Court, New York County, November, 1922.

**Executors and administrators — accounting — widow's acceptance of testamentary provisions in lieu of dower — failure of residuary legacy on account of insufficiency of assets — erroneous payment to widow — misleading phrases in consent to the delivery of securities — inaccuracy of account — decree reopened.**

The gift of a life estate to the widow of testator in a specifically described house and lot was followed by a bequest of his residuary estate to his executors in trust for several purposes with direction to pay the widow out of the same, after payment of debts and after her life estate, " one-third of all my personal property." After an annuity to a relative in Ireland, two-thirds of the balance of said personalty was bequeathed to testator's children or their issue. The trustees were further directed to pay one-third of the net income of the real estate to the widow and the remaining two-thirds to testator's children or their issue who upon the death of the widow were to receive all the real estate in which she was given a life interest. The will after a further residuary bequest to the children or their issue provided that the provisions in favor of the widow were in lieu of dower and of all interest in the testator's real and personal property. The executors were given a broad power of sale of the realty and the widow, designated as one of the executors, elected to take under the will. Upon the accounting of the executors it appeared that all of the personalty had been or should have been used to pay debts. *Held*, that the widow took nothing under the residuary bequest of one-third of all the personal estate and that her acceptance of the testamentary provisions in her favor in lieu of dower could never make her a creditor and give her a standing to charge upon the real estate payment of the residuary legacy which failed because of an insufficiency of assets after they had been applied as directed by the will.

The widow as one of the accounting executors filed with her account a waiver of citation executed by a daughter of the testator, who also consented to a decree settling the accounts of the executors. During the pendency of the proceeding the daughter, who was not represented by counsel, was requested by the executors to sign a consent to the delivery by them to themselves as trustees of certain securities described as " personal property " including $10,000 of United States certificates of indebtedness. After consultation with an attorney and upon his advice she signed and delivered the consent asked for by the executors. While the account showed the securities described in such consent as part of the estate and that all debts were paid, the fact that all the personalty had been or should have been exhausted in the payment of debts did not clearly appear. The widow solely as an individual filed a consent to the delivery by the executors of any and all certificates, bonds or personal property enumerated, in lieu of their money value, in payment of the legacy to her of one-third of the testator's personal property, any balance to be paid in cash. Upon granting a reargument of a motion to reopen the decree entered upon the accounting, *held*, that the phrasing of these consents and the failure to state clearly in the account or elsewhere in the proceeding that there was no personal property, while the two consents and a memorandum presented by the

MATTER OF CHARLES CONNOR. **631**

Misc. 630]    Surrogate's Court, New York County, November, 1922.

executors' attorneys with the submission of the proposed decree to be entered upon the accounting refers specifically to " personal property," afforded sufficient legal basis for opening the decree and correcting the erroneous payment made to the widow.

The daughter was not chargeable with laches in making her application to reopen the decree and the fact that she was mistaken in her endeavor to have the matter corrected in the trustees' accounting was no reason why she should be denied relief upon the facts here shown.

REARGUMENT of application to reopen decree on accounting.

*Joseph W. Keller*, for objector.

*R. & E. J. O'Gorman* (*Henry B. Hammond*, of counsel), for executors Anna Connor and Joseph P. Connor.

*Thornton & Earle*, for James J. Larkin, executor.

COHALAN, S.   This is a reargument of an application by Agnes A. Ryan, a daughter of the testator, to open an accounting decree for the purpose of correcting an alleged overpayment of $6,686.80 to the widow.

The 1st clause of the will directs payment of debts and funeral expenses.   The widow is then given a life estate in a house and household furniture therein and lot at No. 135 East Forty-third street, New York city.   The residue is bequeathed to the executors in trust for several purposes.   Out of said residue, after payment of debts and after the life estate to the widow, the executors and trustees are directed to pay to the widow " one-third of all my personal property."   There is then provided an annuity for a relative in Ireland.   The 4th clause bequeaths two-thirds of said balance of personalty to testator's children or their issue.   The trustees are further directed to pay to the widow during her life one-third of the net income of the real estate and the remaining two-thirds to the children or their issue.   Upon the death of the wife the children or their issue are to receive all the real estate in which the widow was given a life interest.   The 6th clause is a further residuary bequest to the children or their issue.   It is then provided that " the foregoing provisions in favor of my wife Annie Connor are in lieu of all dower and of all interest in my real and personal property."   The executors were given a broad power of sale of the realty.   The wife was designated as one of the three executors.   The widow elected to accept the testamentary provisions in her favor in lieu of dower.

The executors filed their account December 3, 1920.   It showed that debts amounting to $16,710.41 had been paid.   The account also showed that the personal estate collected was $16,546.31, which was less than the amount of the debts.   The 1st paragraph

of the will is a command to the executors to pay debts. This is immediately followed by a life estate to the widow in a specifically described house and lot. The next is a residuary clause. Out of the *residue and remainder* the wife is to receive one-third of all the personal property. However, all the personalty had been or should have been used to pay debts under the 1st clause of the will. Therefore, there was no " rest, residue and remainder " so far as the personalty is concerned. The widow took nothing under the residuary bequest of one-third of all the personal estate. It is immaterial whether the acceptance by the widow of the testamentary bequests and devises in lieu of dower made her a creditor, because the language is explicit. It is plain that her legacy of one-third of all the personal property was to be out of whatever personalty was left after payment of debts. It is in terms a residuary bequest. The widow could not have what was not provided for her. Acceptance of the testamentary provisions could never make her a creditor and give her a standing to charge upon the real estate payment of a residuary legacy which failed because of insufficiency of assets after said assets had been applied under the express command of the will.

The widow as one of the accountants filed with her account a waiver of citation from the daughter who makes this motion. The daughter also consented " that a decree be made settling the account of the executors." The daughter did not appear by attorney in the accounting proceeding. During the pendency of said proceeding she was requested by the executors to sign a consent to the delivery by the executors to themselves as trustees of certain securities including $10,000 of United States certificates of indebtedness. This consent describes said securities as " personal property." Mrs. Ryan consulted an attorney as to whether she could sign said consent. Upon said attorney's advice she signed and delivered said consent to the executors. The account showed the securities described in the consent as part of the estate. It also showed that all the debts were paid. The fact that all the personalty had been or should have been exhausted in the payment of debts did not clearly appear in the account. An examination of the account by an accountant or someone familiar with its preparation would bring that important fact to light, but it is apparent that the daughter could not have understood the condition of the estate when one of the executors conferred with her and procured from her a waiver of citation and consent to a decree settling the account. When it became necessary to have the consent of the daughter to the transfer of securities in kind for the purpose of erecting the trusts in which the widow and the daughters were interested,

MATTER OF CHARLES CONNOR. **633**

Misc. 630]    Surrogate's Court, New York County, November, 1922.

said consent was prepared and worded in a manner which was misleading when it is considered that the decree directed payment to the widow of a legacy of " personal property," when as a matter of fact there was no such personal property applicable to the legacy in question. This consent purported to enumerate $48,454.74 worth of " personal property." In part it is as follows: " I, Agnes A. Ryan   *   *   *   do hereby consent to the delivery and assignment by the executors of said deceased to Annie Connor and Joseph P. Connor as trustees of the trusts created by said will of the following unsold chattels and securities or any part thereof in lieu of the money value of said property.

" The value of said personal property is hereby fixed at the respective amounts set opposite the items thereof in the right-hand column in the enumeration set forth below."

Then follows a description of the " personal property," including " $10,000 U. S. Certificates of Indebtedness, 6%, due June 15, 1921." Certainly it must be conceded that the tone, tenor and contents of this consent might well lead Mrs. Ryan, the daughter, and the attorney whom she had consulted to believe that the securities mentioned, or practically all of them, were to be turned over to the trustees as part of the principal of the trusts in which the widow and daughters were beneficiaries. The decree proposed by the executors and signed by the surrogate, directed a distribution to Annie Connor, widow " in satisfaction of her legacy, to wit: the sum of $6,686.80; U. S. Certificates of Indebtedness in the sum of $6,000 and $686.80 in cash." This is the legacy of " personal property " already referred to. The decree refers to the above consent of Agnes A. Ryan, but it should be noted that the words " personal property " appearing in said consent are not used in the decree. The $6,000 United States certificates directed to be delivered to the widow individually are part of the $10,000 United States certificates described specifically in said consent of Agnes A. Ryan.

The record also shows that the widow individually and not as executrix filed a consent " to the delivery by the executors of the estate of Charles Connor, deceased, of any and all certificates, bonds or personal property enumerated in lieu of their money value in payment of the legacy of one-third of testator's personal property, made to me in the 2d clause of his will, any balance to be paid in cash. The value of said personal property," etc.

The daughter complains that she was misled by the consent submitted to and signed by her, and that the widow has been erroneously paid the said sum of $6,686.80 as one-third of the " personal property." She alleges that the court was deceived,

and shows that with the submission of the proposed decree there was presented by the executors' attorneys a memorandum showing the following distribution to be made to the widow: " To Annie Connor 1/3 of personal estate, $20,060.40, $6,686.80." The executors explain that what they had in mind was a distribution to the widow from the proceeds of sale of the real estate of a sum measured by one-third of the gross amount of the personalty left by the decedent. They also show that the consent to the delivery of the securities was not a consent to deliver all the securities described, but contained the words, " or any part thereof."

In view of the plain terms of the will, showing that the only interest in personal property bequeathed to the widow was one-third of the " rest, residue and remainder of my estate, real, personal or mixed," after payment of testator's " just debts and funeral expenses," in view of the fact, now apparent, that payment of debts exhausted the " personal property " so that there was none left for the widow, the above statements in papers filed in this court on which the decree was based, sufficiently indicate that both the daughter and the surrogate must have been misled, though not intentionally, I am sure as far as the attorneys were concerned. The decree was submitted and signed as part of an *ex parte* proceeding. Had the court been in possession of the facts as they now appear, the payment to the widow of a legacy " measured " by one-third of the " personal property " would not have been made.

The executors attempt to justify the decree by showing that the widow is in the position of a creditor and had a right to have her legacy paid from the proceeds of the real estate. This is beside the question, because, as already shown, there is no warrant in the will for such a course.

The statements as to " personal property " in the consents, the memorandum submitted to the surrogate, and the recitals in the decree all point unmistakably to a misapprehension of the facts on the part of the executors and a resulting misapprehension by the daughter and the attorney who was consulted at the time. The phrasing of these consents and the failure to state clearly in the account or elsewhere in the proceeding what was the fact, namely, that there was no personal property, while the two consents and the memorandum referred specifically to " personal property," thus giving the impression that there *was* personal property applicable to the legacy, in my opinion affords sufficient legal basis for opening the decree and correcting the erroneous payment to the widow.

The daughter is not chargeable with any laches in making her

application.    It appears that the provision of the decree directing payment to the widow individually was discussed with the executors' attorneys shortly after the daughter learned of such provision. The delay since that time has been due to the negotiations that have taken place between the attorney for the daughter and the attorneys for the executors.    That the daughter was mistaken in her endeavor to have the matter corrected in the trustees' accounting is no reason why she should be denied relief herein upon the facts set forth.

The reargument is granted.    Settle decree on notice.

Decreed accordingly.